# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHRISTINE COONEY,<br><br>Individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br>  v.<br><br>HENRY MODELL & COMPANY, INC. AND ABC CORPS 1-10,<br><br>    Defendant. | Civil Action No.<br><br>Class Action<br><br>Jury Trial Demanded |

## COMPLAINT – CLASS ACTION
## VIOLATION OF FAIR CREDIT REPORTING ACT

### I. PRELIMINARY STATEMENT

1. This is a class action complaint brought on behalf of consumers who have been subjected to violation of 15 U.S.C. 1681c(g)(1) as a result of Defendant's acts and/or omissions.

### II. JURISDICTION AND VENUE

1. The Court's jurisdiction arises under 15 U.S.C. § 1681p, 28 U.S.C. §1331, 1337.

2. Venue for this matter is founded upon 28 U.S.C. § 1391(b).

### III. THE PARTIES

1. Plaintiff, Christine Cooney, is an adult residing in Millstone Township, New Jersey.

2. Defendant, Henry Modell & Company, Inc. is a corporation organized under the laws of the State of New York with its principal office at 498 Seventh Ave., New York City, New York, 10018.

3. Under the name Modell's Sporting Goods, Defendant Henry Modell & Company, Inc. and its affiliates operate over 135 stores throughout New York, New Jersey, Pennsylvania,

Connecticut, Delaware, Maryland, Massachusetts, New Hampshire, Virginia, Rhode Island and the District Of Columbia.

4. Defendant ABC Corps 1-10, being fictitious names, are affiliates of Defendant Henry Modell & Company, Inc. Defendant Henry Modell & Company, Inc. and ABC Corps 1-10 are hereinafter collectively referred to as "Modell's."

5. Defendant Modell's is engaged in the business of retail sales of sporting goods, sporting apparel, menswear and brand name athletic footwear to the general public in the aforesaid locations.

6. On December 22, 2006, Modell's conducted such business at 7 Route 9 South, Manalapan, Monmouth County, New Jersey.

## IV.   FACTUAL ALLEGATIONS

1. 15 U.S.C. 1681c(g)(1) of the Fair Credit Reporting Act (the "FCRA") provides that "no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction."

2. Defendant Modell's is a person that accepts debit or credit cards for the transaction of business.

3. As a person who accepts debit or credit cards for the transaction of business, Defendant Modell's is required to truncate any receipt of a debit or credit card transaction it provides to consumers so that the card's expiration date does not appear upon the receipt.

4. On December 22, 2006 Defendant Modell's accepted credit and debit cards from consumers and provided consumers with a receipt upon which appeared the expiration date of the consumer's credit or debit card.

5. When Defendant Modell's accepts credit or debit cards from consumers and provides consumers with a receipt upon which appears the expiration date of the consumer's credit or debit card, it harms consumers.

6. Between January 1, 2005 and December 22, 2006, Defendant Modell's accepted thousands of credit or debit cards from consumers each day and provided thousands of consumers each day with a receipt upon which appeared the expiration date of the consumer's credit or debit card.

7. The experience of the Plaintiff demonstrates the Defendant's practice.

8. On December 22, 2006, at Modell's business location at 7 Route 9 South, Manalapan, New Jersey, Plaintiff provided her debit and/or credit cards to Defendant for the purchase of goods, merchandise or services for her personal family or household use.

9. On December 22, 2006, Defendant accepted Plaintiff's debit or credit card and provided her with a receipt for said purchase at the point of the sale or transaction.

10. The receipt provided by Defendant to Plaintiff at said time contained upon it the Plaintiff's credit or debit card expiration dates.

11. As a result of Defendant's unlawful practice, Plaintiff has been harmed.

**V.    CLASS ALLEGATIONS**

1. Plaintiff brings this action under Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure on behalf of the following Class: with respect to any cash register or other machine or device that electronically prints receipts for credit card or debit card transactions that was in use prior to January 1, 2005, all consumers within the United States who have used a debit or credit card to complete a purchase from Defendant and were provided a receipt for said purchase at the point of the sale or transaction upon which appeared the credit or debit card's expiration date in transactions

occurring on or after December 4, 2006; and, with respect to any cash register or other machine or device that electronically prints receipts for credit card or debit card transactions that was first put into use on or after January 1, 2005, all consumers within the United States who have used a debit or credit card to complete a purchase from Defendant, beginning two years prior to the filing of this Complaint, and were provided a receipt for said purchase at the point of the sale or transaction upon which appeared the credit or debit card's expiration date.

2. The Class is so numerous that the joinder of all persons is impracticable.

3. The precise number of the Class is only known to Defendant, but Plaintiff avers that thousands if not tens of thousands of consumers a day have used a debit or credit card to complete a purchase from Defendant and were provided a receipt for said purchase at the point of the sale or transaction which contained the expiration date of their card.

4. Accordingly, Plaintiff estimates the members of the Class to range from the tens of thousands, if not the hundreds of thousands.

5. There are questions of law and fact common to the Class that predominate over any questions of law or fact affecting any individual member of the Class; namely, whether the Defendant has provided a receipt to a consumer for a purchase at the point of the sale or transaction which contains the expiration date of the consumer's card.

6. Plaintiff's claims are typical of those of the Class, which all arise from the same operative set of facts and are founded on the same theories of law.

7. Plaintiff will fairly and adequately represent that class and will participate in the litigation of this matter.

8. Plaintiff's attorneys are experienced in the litigation of claims under the Fair Credit Reporting Act and other consumer protection laws in both Federal and State Courts.

9. Plaintiff's attorneys are experienced in litigating Class Actions.

10. Neither Plaintiff nor her attorneys possess any interests which would prevent them from vigorously prosecuting this claim.

11. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Because the statutory damages suffered by many individual Class members may be relatively small (as little as $100.00), the expense and burden of individual litigation make it virtually impossible for the Class members to individually seek redress for the wrongful conduct alleged herein.

12. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because the prosecution of separate actions creates a risk of varying or inconsistent adjudications establishing inconsistent standards of conduct for the party opposing the class claim.

13. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because the prosecution of separate actions creates a risk of varying or inconsistent adjudications which may be dispositive of the interests of other persons who are not parties to such individual litigation or otherwise impair or impede their ability to protect their rights.

14. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because the question of whether Defendant violated the FCRA can be obtained from review of its business records and debit/credit card systems.

15. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because management of the class is likely to present far fewer difficulties than the management of numerous individual claims.

**VI.   COUNT ONE – VIOLATION OF THE FCRA**

1. Plaintiff repeats each and every one of her preceding allegations as if set forth herein at length.

2. Plaintiff is a consumer within the meaning of 15 U.S.C. § 1681a.

3. Defendant is a person within the meaning of 15 U.S.C. § 1681a.

4. 15 U.S.C. 1681c(g)(1) provides that "no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction."

5. Defendant is a person that accepts debit or credit cards for the transaction of business.

6. Defendant has violated 15 U.S.C. 1681c(g)(1) by accepting credit or debit cards for the transaction of business and printing said card's expiration date upon a receipt provided to the Plaintiff at the point of the sale or transaction.

7. 15 U.S.C. 1681c(g)(1) was enacted December 3, 2003.

8. Defendant has not diligently and in good faith attempted to fulfill its statutory obligations under 15 U.S.C. 1681c(g)(1).

9. Defendant's violation of 15 U.S.C. 1681c(g)(1) was willful in that Defendant either knew its practice of printing the card expiration date was in contravention of the rights possessed by Plaintiff pursuant to the FCRA or in reckless disregard of whether its actions contravened those rights.

WHEREFORE, Plaintiff demands statutory damages under the FCRA, punitive damages, attorneys fees, costs of suit and such other relief as the court may find just and equitable.

MAURICE & NEEDLEMAN, P.C.,

**/s/ Donald S. Maurice, Jr.**
5 Walter E. Foran Blvd., Suite 2007
Flemington, NJ  08822
(908) 237-4550

                                                   (908) 237-4551 (fax)
                                                   dsm@mnlawpc.com
                                                   Attorneys for Plaintiff

                                                 **/s/ Thomas R. Dominczyk**
                                                 Thomas R. Dominczyk
                                                 Maurice & Needleman, P.C.
                                                 5 Walter E. Foran Blvd., Suite 2007
                                                 Flemington, NJ  08822
                                                 (908) 237-4550
                                                 (908) 237-4551 (fax)
                                                 trd@mnlawpc.com
                                                 Attorneys for Plaintiff

Dated: February 20, 2008